**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000778
12-OCT-2015
08:37 AM**

NO. CAAP-14-0000778

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SPENCER JAMES BEVILL, NANCY LYNN BEVILL, and BEVILL FAMILY TRUST,
Plaintiffs/Counterclaim Defendants/Appellants,
v.
PHIL SCHUTTE; BEVERLY SCHUTTE; BRUCE "SKIP" BLOUGH; MIKE PREISS;
CONNIE SCHNITKER; PETE HILL; DARREL BORLING; ASSOCIATION OF
APARTMENT OWNERS OF KE NANI KAI, an incorporated condominium
association; THE BOARD OF DIRECTORS FOR ASSOCIATION OF APARTMENT
OWNERS OF KE NANI KAI, in their official capacity and personally,
Defendants/Appellees,

FRANK MAURIZIO, Defendant/Counterclaim Plaintiff/Appellee,

JOHN DOES 1-100, JANE DOES 1-100, DOE PARTNERSHIPS 1-100,
and DOE CORPORATIONS 1-100, .Defendants
(CIVIL NO. 08-1-0293(1))

---

SPENCER JAMES BEVILL, NANCY LYNN BEVILL, and BEVILL FAMILY TRUST,
Plaintiffs/Appellants
v.
ASSOCIATION OF APARTMENT OWNERS OF KE NANI KAI,
Defendant/Third-Party Plaintiff/Appellee,

ALAN BRAYTON, Defendant/Third-Party Defendant/Appellee,

JOHN DOES 1-100, JANE DOES 1-100, DOE PARTNERSHIPS 1-100
and DOE CORPORATIONS 1-100, Defendants
(CIVIL NO. 12-1-0790(1))

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Plaintiffs/Counterclaim Defendants/Appellants/ Cross-Appellees Spencer James Bevill, Nancy Lynn Bevill, and Bevill Family Trust (collectively, **Bevill Appellants**) appeal from five interlocutory orders all entered in the Circuit Court of the Second Circuit[1] (**circuit court**):

(1) the April 11, 2014 "Order Granting in Part and Denying in Part [Third-Party in Interest/Appellee/ Cross-Appellant] Motooka & Yamamoto, A Limited Liability Law Company's [(**Motooka**)] Motion For Satisfaction of Claim of Lien Under H.R.S. §507-81" (**Order Granting/Denying Motion for Satisfaction of Lien**),

(2) the April 17, 2014 "Order Denying [the Bevill Appellants'] Motion to Compel Arbitration of Fee Dispute with [Motooka] Pursuant to H.R.S. §685A" (**Order Denying Motion to Compel Arbitration**),

(3) the August 20, 2014 "Supplemental Findings And Order Granting In Part And Denying In Part [Motooka's] Motion For Satisfaction Of Claim Of Lien Under H.R.S. §507-81" (**August Supplemental Findings and Order Granting/Denying in Part**),

(4) the August 29, 2014 "Order Granting [Motooka's] Motion to Stay Settlement Distribution Payment to [Bevill Appellants] On April 11, 2014" (**Order Granting Motooka's Motion to Stay Settlement Distribution**), and

(5) the October 21, 2014 "Order Denying [Bevill Appellants'] Motion to Set Aside or Vacate the [August Supplemental Findings and Order Granting/Denying in Part] [Motooka's Motion for Satisfaction of Claim]" (**Order Denying Motion to Set Aside**).

Motooka cross-appeals from the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien.

I.

Hawaii Revised Statutes (**HRS**) § 641-1 (1993 & Supp. 2014) authorizes appeals from final judgments, orders, or decrees and provides that appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS

---

[1]     The Honorable Rhonda I.L. Loo presided.

§ 641-1(c). Hawai'i Rules of Civil Procedure (**HRCP**) Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Hawai'i Supreme Court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. Because the instant case involves two civil cases that circuit court consolidated into a single case, it is worth noting that "consolidation for convenience pursuant to HRCP Rule 42(a) also causes the cases to merge into one for purposes of determining finality of judgment." Leslie v. Estate of Tavares, 109 Hawai'i 8, 12, 122 P.3d 803, 807 (2005).

In the instant case, the circuit court did not reduce any of its dispositive rulings to an appealable final judgment pursuant to HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins. Therefore, the five appealed interlocutory orders are independently appealable only if they can satisfy the requirements either under an exception to the final judgment requirement under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins, or under some other statutory authority. The only order that is both independently appealable and timely appealed by the Bevill Appellants is the April 17, 2014 Order Denying Motion to Compel Arbitration.

## II.

The April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien is not sufficiently final to satisfy the requirements for appealability under the collateral order doctrine. The Hawai'i Supreme Court has, "in rare situations, considered an interlocutory order so effectively 'final' that [it has] exercised appellate jurisdiction over an appeal that is neither a final judgment nor has been allowed by the circuit

3

court under HRS § 641-1(b)." <u>Abrams v. Cades, Schutte, Fleming &</u>
<u>Wright</u>, 88 Hawai'i 319, 321, 966 P.2d 631, 633 (1998).

> Appellate jurisdiction in these cases is exercised under the
> collateral order doctrine. These interlocutory appeals are
> limited to orders falling in that small class which finally
> determine claims of right separable from, and collateral to,
> rights asserted in the action, too important to be denied
> review and too independent of the cause itself to require
> that appellate consideration be deferred until the whole
> case is adjudicated.

<u>Id.</u> (citations, internal quotation marks omitted and format
altered). In order to be appealable under the collateral order
doctrine, an appealed order must resolve an important issue
completely separate from the merits of the action, and be
effectively unreviewable on appeal from a final judgment. <u>Id.</u> at
322, 966 P.2d at 634. The Hawai'i Supreme Court has observed
that it "must construe the collateral order doctrine narrowly and
be parsimonious in its application." <u>Siangco v. Kasadate</u>, 77
Hawai'i 157, 162, 883 P.2d 78, 83 (1994). Otherwise, "[a]llowing
widespread appeals from collateral orders would frustrate the
policy against piecemeal appeals embodied in HRS § 641-1." <u>Id.</u>

The circuit court's adjudication of "[Motooka's] Motion
For Satisfaction of Claim of Lien Under H.R.S. §507-81" filed
December 16, 2013 (**Motooka's Motion for Satisfaction of Claim**),
appears to be part of the circuit court's overall attempt to
enforce the parties' settlement agreement in a particular way,
namely, by requiring that the parties give a portion of the
overall settlement proceeds to the Bevill Appellants' former
attorneys, Motooka.[2]

The April 11, 2014 Order Granting/Denying Motion for
Satisfaction of Lien does not satisfy the first requirement of
the collateral order doctrine, namely that the collateral order
must conclusively determine the disputed question. In analyzing
the appealability of "final orders" under HRS § 641-1(a) in other
contexts, the supreme court "has defined 'final order' to mean an
order ending the proceedings, leaving nothing further to be
accomplished. Consequently, an order is not final if the rights

---

[2] Under the collateral order doctrine, this court has held that,
even in the absence of a separate judgment, "an order enforcing a settlement
agreement is a collateral order which is appealable." <u>Cook v. Surety Life</u>
<u>Insurance, Co.</u>, 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995).

of a party involved remain undetermined or if the matter is retained for further action." Cho v. State, 115 Hawai'i 373, 383, 168 P.3d 17, 27 (2007) (citation and internal quotation marks omitted); Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974 978 (2003) ("Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.").

In the instant case, the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien directs Defendants/Appellees/Cross-Appellees Phil Schutte, Beverly Schutte, Bruce Blough, Mike Preiss, Connie Schnitker, Pete Hill, Darrell Borling, the Directors for the Association of Apartment Owners of Ke Nani Kai and Defendant/Third-Party Plaintiff/ Appellee/Cross-Appellee Association of Apartment Owners of Ke Nani Kai, (and their respective insurers) to pay settlement proceeds in the amount of $1,175,000 into circuit court (apparently for a subsequent disbursement to the Bevill Appellants), but this order also acknowledged that Motooka (as the Bevill Appellants' former attorneys) has the right to collect at least $259,096.21 in attorneys' fees and costs, plus additional, as-yet-to-be determined attorneys' fees and costs that the Bevill Appellants owe to Motooka. The April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien directed Motooka to file an additional declaration describing the exact amount of attorneys' fees and costs the Bevill Appellants owed to Motooka. The circuit court would enter an additional order that would conclusively determine the exact final amount of attorneys' fees and costs the Bevill Appellants owed to Motooka. The circuit court could then deduct that amount from the $1,175,000 in settlement proceeds the Bevill Appellants would otherwise receive. The April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien does not conclusively determine the disputed question regarding the amount of attorneys' fees and costs that the Bevill Appellants owed to Motooka, and, instead, this order expressed the circuit court's intent to enter a future order that would finally determine the lingering disputed question. Consequently, this order does not satisfy the finality

requirement of the collateral order doctrine. Therefore, the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien is not an independently appealable order under the collateral order doctrine.

### III.

A second exception to the general rule requiring a final judgment is the Forgay doctrine that is based on the United States Supreme Court's holding in Forgay v. Conrad, 47 U.S. 201 (1848). The Hawai'i Supreme Court has acknowledged the Forgay doctrine as allowing "an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved." Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). The Hawai'i Supreme Court held it had "jurisdiction to consider appeals from judgments which require immediate execution of a command that property be delivered to the appellant's adversary, and the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation." Id. (citations, internal quotation marks, and brackets omitted). The Hawai'i Supreme Court has also held that an order terminating a tenant's right to possess property satisfies the requirements under the Forgay doctrine even when that order does not command the immediate execution of the property:

> Here, the October 25, 2012 Confirmation Order meets the requirements of appealability under the *Forgay* doctrine. Although the October 25, 2012 Confirmation Order does not command the immediate execution of the property to Trustee Lambert, the order confirms the sale to Trustee Lambert, directs the commissioner to convey the property to Trustee Lambert, and orders the Teisinas to surrender the property within 30 days of the conveyance. The Confirmation Order effectively terminates the Teisinas' rights to the property and they will suffer irreparable injury if appellate review is postponed until final judgment.

Lambert v. Teisina, 131 Hawai'i 457, 462, 319 P.3d 376, 381 (2014) (emphases added).

Assuming *arguendo*, the Forgay doctrine applies in this case, the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien does not qualify for appealability because this order does not require immediate execution of a command that property be delivered to the appellants' adversary. The April

11, 2014 Order Granting/Denying Motion for Satisfaction of Lien does not set any deadline for the payment, as the _Forgay_ doctrine would require. This order also does not conclusively determine the disputed question regarding the amount of attorneys' fees and costs the Bevill Appellants owe to Motooka out of the settlement proceeds, and, instead, this order expresses the circuit court's intent to enter a future order that will finally determine that lingering disputed question. Therefore, the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien is not appealable under the _Forgay_ doctrine.

### IV.

HRS § 641-1(b) authorizes interlocutory appeals to the this court under the following circumstances:

> (b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree _whenever the circuit court may think the same advisable for the speedy termination of litigation before it_. The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

(Emphasis added.) The circuit court did not certify the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien for an interlocutory appeal pursuant to HRS § 641-1(b). Therefore, the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien is not appealable under HRS § 641-1(b).

### V.

As to the April 17, 2014 Order Denying Motion to Compel Arbitration, HRS § 658A-28(a)(1) (Supp. 2014) authorizes an appeal from "an order denying a motion to compel arbitration[.]" Therefore, the April 17, 2014 Order Denying Motion to Compel Arbitration is an appealable order.

### VI.

The circuit court utilized two interlocutory orders to adjudicate Motooka's Motion for Satisfaction of Claim: (1) the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien, and (2) the August 20, 2014 Supplemental Findings and Order Granting/Denying in Part. Under the collateral order doctrine, this court has held that, even in the absence of a separate judgment, "an order enforcing a settlement agreement is a

7

collateral order which is appealable." <u>Cook v. Surety Life Ins.,
Co.</u>, 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995).

The circuit court's adjudication of Motooka's Motion
for Satisfaction of Claim appears to be part of the circuit
court's attempt to enforce the parties' settlement agreement by
requiring the parties give a portion of the overall settlement
proceeds to Motooka, the Bevill Appellants' former attorneys.
Motooka's Motion for Satisfaction of Claim involves the
adjudication of an issue, i.e., the enforcement of a settlement
agreement, that Hawai'i appellate courts have acknowledged as
being collateral to the merits of the case. The Hawai'i Supreme
Court has explained that,

> where the disposition of the case is embodied in several
> orders, no one of which embraces the entire controversy but
> collectively does so, it is a necessary inference from 54(b)
> that the orders collectively constitute a final judgment and
> entry of the last of the series of orders gives finality and
> appealability to all.

<u>S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club</u>, 75 Haw.
480, 494-95, 866 P.2d 951, 960 (1994) (quoting <u>Island Holidays,
Inc. v. Fitzgerald</u>, 58 Haw. 552, 561, 574 P.2d 884, 890 (1978)
(ellipsis and emphases omitted). In the instant case, the August
20, 2014 Supplemental Findings and Order Granting/Denying in Part
was the last of the series of two orders that the circuit court
entered for the purpose of adjudicating Motooka's Motion for
Satisfaction of Claim, which, thus, gave finality and
appealability under the collateral order doctrine to both orders.
Under HRS § 641-1(a), the collateral order doctrine, and the
holding in <u>S. Utsunomiya Enterprises</u>, the August 20, 2014
Supplemental Findings and Order Granting/Denying in Part is an
appealable final order.

A "notice of appeal shall be filed within 30 days after
entry of the judgment or appealable order." Hawai'i Rules of
Appellate Procedure (**HRAP**) Rule 4(a)(1). The Bevill Appellants
filed their September 12, 2014 second amended notice of appeal
within thirty days after entry of the August 20, 2014
Supplemental Findings and Order Granting/Denying in Part.
However, the Bevill Appellants utilized an "amended" notice of
appeal in their attempt to obtain appellate review of the August

20, 2014 Supplemental Findings and Order Granting/Denying in Part. "[A]n amended notice of appeal relates back to the notice of appeal it purports to amend, it does not appeal an order, judgment, or decree entered subsequent to the notice of appeal it purports to amend." Enos v. Pac. Transfer & Warehouse, Inc., 80 Hawai'i 345, 355-56, 910 P.2d 116, 126-27 (1996) (quoting Chan v. Chan, 7 Haw. App. 122, 129, 748 P.2d 807, 811 (1987)). Consequently, the Bevill Appellants' September 12, 2014 second amended notice of appeal relates back to the date of their original April 22, 2014 notice of appeal, which they filed before the entry of the August 20, 2014 Supplemental Findings and Order Granting/Denying in Part. Therefore, the Bevill Appellants' original notice of appeal and subsequent amended notice of appeal were premature under HRAP Rule 4(a)(1) as to the August 20, 2014 Supplemental Findings and Order Granting/Denying in Part.

Regarding a premature notice of appeal, "[i]f a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal." HRAP Rule 4(a)(2). We can find no record of an oral announcement of the circuit court's decision, later reflected in the subsequent August 20, 2014 Supplemental Findings and Order Granting/Denying in Part, prior to the filing of the Bevill Appellants April 22, 2014 notice of appeal. Therefore, HRAP Rule 4(a)(2) did not authorize the Bevill Appellants' premature notice of appeal from the August 20, 2014 Supplemental Findings and Order Granting/Denying in Part.

The combination of the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien and the August 20, 2014 Supplemental Findings and the Order Granting/Denying in Part constitutes a final and appealable series of orders under HRS § 641-1(a) and the collateral order doctrine. However, for the purpose of attempting to obtain appellate review of the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien, and the August 20, 2014 Supplemental Findings and Order Granting/Denying in Part, the Bevill Appellants' September 12, 2014 second amended notice of appeal relates back to the

9

effective date of their original April 22, 2014 notice of appeal under the holding in Enos, and, therefore, is untimely under HRAP Rule 4(a)(1).[3]

## VII.

On May 12, 2014, the circuit court entered an order that, pursuant to HRAP Rule 4(a)(4)(A), purported to find "good cause" for and extended the time period under HRAP Rule 4.1(b)(1) for Motooka to file a notice of cross-appeal from the original deadline of May 12, 2014, until a new deadline on June 11, 2014. On June 10, 2014, Motooka filed a notice of cross-appeal from the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien. At that time, the circuit court had not yet announced its decision that it later expressed in the August 20, 2014 Supplemental Findings and the Order Granting/Denying in Part. Therefore, Motooka's June 10, 2014 notice of cross-appeal was untimely under HRAP Rule 4.1(b)(1), and, thus, ineffective, for invoking appellate jurisdiction over the April 11, 2014 Order Granting/Denying Motion for Satisfaction of Lien, and the August 20, 2014 Supplemental Findings and Order Granting/Denying in Part.

## VIII.

The August 29, 2014 Order Granting Motooka's Motion to Stay Settlement Distribution is a post-judgment order. "A post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto, 103 Hawai'i at 157, 80 P.3d

---

[3]     Had the Appellants' September 12, 2014 filing been denominated as a "Notice of Appeal" and not a "Second Amended Notice of Appeal," and a new appeal thereby opened with regard to the August 20, 2014 Supplemental Findings and Order Granting/Denying in Part, we may have acquired jurisdiction over that appeal. As Appellants did not follow this procedure, however, we are powerless under Enos to affect the course of their appeal. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986); HRAP Rule 26(b) ("[N]o court of judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). This same rationale applies to limit our jurisdiction over the August 29, 2014 Order Granting Motooka's Motion to Stay Settlement Distribution and the October 21, 2014 Order Denying Motion to Set Aside as discussed infra at sections VIII and IX.

at 978. The August 29, 2014 Order Granting Motooka's Motion to Stay Settlement Distribution ended and finally determined the post-judgment proceedings for Motooka's motion to stay settlement distribution payment to the Bevill Appellants pending the Bevill Appellants' appeal, leaving nothing further in that particular motion to be determined. Therefore, the August 29, 2014 Order Granting Motooka's Motion to Stay Settlement Distribution is an appealable final post-judgment order pursuant to HRS § 641-1(a).

The Bevill Appellants filed their September 12, 2014 second amended notice of appeal within thirty days after entry of the August 29, 2014 post-judgment Order Granting Motooka's Motion to Stay Settlement Distribution. However, the Bevill Appellants' September 12, 2014 second amended notice of appeal relates back to the date of their original April 22, 2014 notice of appeal, which they filed long before the entry of the August 29, 2014 Order Granting Motooka's Motion to Stay Settlement Distribution. Therefore, the Bevill Appellants' original notice of appeal and subsequent amended notices of appeal were all premature under HRAP Rule 4(a)(1) as to the August 29, 2014 post-judgment Order Granting Motooka's Motion to Stay Settlement Distribution.

## IX.

The October 21, 2014 Order Denying Motion to Set Aside is a post-judgment order. The Bevill Appellants filed their October 27, 2014 third amended notice of appeal within thirty days after entry of the October 21, 2014 Order Denying Motion to Set Aside and relates back to the date of the Bevill Appellants' original April 22, 2014 notice of appeal, which was filed long before the October 21, 2014 Order Denying Motion to Set Aside. Therefore, the Bevill Appellants' original notice of appeal and subsequent amended notices of appeal were premature under HRAP Rule 4(a)(1) as to the October 21, 2014 Order Denying Motion to Set Aside.

## X.

Finally, we address the merits of the Bevill Appellants' appeal of the April 17, 2014 Order Denying Motion to Compel Arbitration, the only order in this appeal over which we have jurisdiction.

11

On April 16, 2007, Bevill Appellants retained Motooka and executed the firm's Retainer Agreement. The Retainer Agreement contained an arbitration clause requiring any dispute arising from the agreement, including claims relating to fees, be resolved by binding arbitration at Dispute Prevention and Resolution, Inc. (**DPR**):

### V. Dispute Resolution

Any controversy or claim relating to or arising out of this agreement, or any of the subject mailers of this agreement, which cannot be resolved informally between or among the parties to this agreement shall be settled or resolved by a confidential binding arbitration in Honolulu, Hawaii by a single neutral arbitrator to be appointed by [DPR], in accordance with the Arbitration Rules, Procedures & Protocols of [DPR] then in effect. This includes, but is not limited to, any controversy or claim for malpractice or professional negligence and any other controversy or claim relating to arising out of or relating to the fees, costs or charges relating to services rendered hereunder. In the event that DPR is unable, for any reason, to administer or conduct said arbitration, the parties will submit such controversy or claim to the American Arbitration Association, and said arbitration shall be conducted in Honolulu, Hawaii by a single neutral arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect. Judgment upon the award rendered by that arbitration may be entered in any court having jurisdiction. By agreeing to arbitrate, you relinquish any right to have a jury trial or to litigate in court for any controversy subject to arbitration. If you do not understand this arbitration provision, please contact our firm or independent counsel for further explanation.

The laws of the State of Hawaii shall govern the construction, interpretation, and the performance of this agreement; and this agreement may be changed only by an agreement in writing signed by both parties. If legal services are used to enforce rights under this agreement, the prevailing party in any arbitration or legal action may recover all the costs of such legal services, including reasonable attorneys' fees. Our firm may also use the services of its own attorneys to enforce rights under this agreement, in which case we may recover the charges for those services at regular hourly rates just as if we had retained outside counsel

On January 10, 2014, the Bevill Appellants filed their "Motion to Compel Arbitration of Fee Dispute with [Motooka] Pursuant to [HRS] § 658A."

On April 17, 2014, the circuit court filed its Order Denying the Bevill's Motion to Compel Arbitration, finding in part:

1. That the [Motooka] Retainer Agreement contains an arbitration clause, which reads in relevant part, that "Any controversy or claim relating to or arising out of this agreement which cannot be resolved informally between or

among the parties to this agreement shall be settled or resolved by a confidential binding arbitration. This includes any controversy or claim arising out of or relating to the fees, costs or charges relating to services rendered hereunder."

2. That under the section of the Retainer Agreement describing the responsibilities of the client, the agreement further states that "Any questions, comments, or objections to our statements must be brought to our attention in writing within thirty (30) days from the date of the invoice, or shall otherwise be deemed acceptable by you."

3. That [Motooka] never received such a written statement from the [Bevill Appellants] until [the Bevill Appellants] filed the instant motion on January 10, 2014, and as such, the [Bevill Appellants] have waived their right to raise a fee dispute, and therefore, no controversy or claim in the spirit of the Retainer Agreement exists.

4. That under [HRS §] 658-7, there is no enforceable agreement to arbitrate, and, as such, under [HRS §] 658-7(2)(c), the Court shall not order the parties to arbitrate.

(Brackets and ellipses omitted.)

The Hawai'i Supreme Court has acknowledged the "policy [of] encouraging arbitration and thereby discouraging litigation." United Pub. Workers, AFSCME, Local 646 v. Dawson Int'l, Inc., 113 Hawai'i 127, 137, 149 P.3d 495, 505 (2006) (citations and internal quotation marks omitted). In Hawai'i, parties can contractually bind themselves to submit their disputes to alternative dispute resolution (ADR). Agreements to submit disputes to ADR are binding, enforceable and may be compelled by the court under HRS § 658A-7 (Supp. 2014). When presented with the question of whether a dispute should be conducted in arbitration versus litigated, the circuit court is limited to addressing two threshold questions: (1) whether an arbitration agreement exists; and (2) if yes, whether the subject matter of the dispute can be arbitrated. Koolau Radiology, Inc. v. The Queen's Medical Ctr., 73 Haw. 433, 445, 834 P.2d 1294, 1300 (1992) (based on HRS chapter 658, the predecessor to HRS chapter 658A, the currently-applicable Uniform Arbitration Act).

In this case, the existence of the arbitration agreement in the Retainer Agreement between the parties was undisputed. The Retainer Agreement was the standard form used by Motooka. The subject matter of the dispute was arbitrable. Motooka asserted that it was owed alleged attorneys' fees and

costs. The Bevill Appellants disputed the amounts that Motooka alleged was owed. Because an arbitration agreement existed and the claims raised by Motooka were arbitrable, the circuit court erred when it refused to enforce the arbitration clause contained in the Retainer Agreement.

The circuit court's April 17, 2014 Order Denying Motion to Compel Arbitration found that the Bevill Appellants were required to object to any invoices within thirty days and that Motooka never received any such objection until the filing of the Bevill's Motion to Compel Arbitration on January 10, 2014 and therefore, no controversy or claim in the Retainer Agreement existed. The thirty-day objection provision cited by the circuit court was contained in a section of the Retainer Agreement separate and apart from the arbitration section. The arbitration clause refers to "[a]ny controversy or claim relating to or arising out of this agreement[.]" The Arbitration section allows the Bevill Appellants to arbitrate any dispute arising from their representation by Motooka. The thirty-day provision refers to billing statements. Motooka would be free to raise the thirty-day provision as an issue at arbitration and both parties would be able to present evidence of the communications between the parties regarding billing statements. The circuit court erred in finding the thirty-day provision was a condition precedent to the Bevill Appellants' ability to arbitrate the disputed amount of attorneys' fees and costs that Motooka claimed as due.[4]

## XI.

Therefore, the April 17, 2014 "Order Denying Plaintiffs Spencer James Bevill, Nancy Lynn Bevill and Bevill Family Trust's Motion to Compel Arbitration of Fee Dispute with Motooka & Yamamoto, LLLC Pursuant to H.R.S. §685A" entered in the Circuit Court of the Second Circuit is vacated and this case is remanded for further proceedings consistent with this opinion. We are

---

[4] "It is fundamental that terms of a contract should be interpreted according to their plain, ordinary and accepted use in common speech, unless the contract indicates a different meaning." Brown v. KFC Nat'l Mgmt. Co., 82 Hawaiʻi 226, 240, 921 P.2d 146, 160 (1996).

without jurisdiction to consider the other four orders in this appeal.

DATED: Honolulu, Hawai'i, October 12, 2015.

On the briefs:

Terrance M. Revere
Lauren C. McDowell
(Revere & Associates)
for Plaintiffs/Counterclaim
Defendants/Appellants/Cross-
Appellees.

Myles T. Yamamoto
Carol A.L. Rosenberg
Na Lan
(Motooka & Yamamoto)
Third-Party in
Interest/Appellee/
Cross-Appellant.

Rebecca A. Copeland
for Real Party in
Interest/Appellee/Cross-
Appellant Myles T. Yamamoto.

Presiding Judge

Associate Judge

Associate Judge